**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES THOMAS SMITH, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:22-cv-00973 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | Magistrate Judge Patricia L. Dodge |
| ERIC ARMEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On February 13, 2026, the Magistrate Judge issued a Report (Doc. 29) (the "R&R") recommending that the Court grant Respondents' Motion to Dismiss (Doc. 23), deny each claim raised in the Petition (Doc. 1) and deny a certificate of appealability as to each claim. Petitioner timely filed Objections to the R&R (Doc. 30) (the "Objections").

Having conducted a de novo review and found the Magistrate Judge's reasoning to be thorough and sound, the Court will adopt the R&R, grant Respondents' Motion and deny a certificate of appealability. For the sake of clarity, the Court augments the R&R as follows:

First, Petitioner claims that he exhausted some of his procedurally defaulted claims before the Superior Court of Pennsylvania when he filed a "Motion to Present Layered Ineffective Assistance of Counsel Claims Against Current and Previous Counsel" in that court. Objections ¶¶ 1, 2, 4, 5; see also Reply Mem. (Doc. 27) at 1-3. Petitioner neglected to mention in his Reply—and the Objections—that the identified motion was filed by Petitioner pro se at the same time that he was represented by counsel. See Commonwealth v. Smith, 283 A.3d 382, 382

(Pa. Super. 2022).  Therefore, that filing was a legal nullity under Pennsylvania law and could

not have presented the merits of any issue.  As the Superior Court wrote:

> Appellant recently filed with this Court a *pro se* application for relief, seeking to "present layered ineffective assistance of counsel claims against current and previous counsel." . . .  As Appellant is currently represented by Attorney Younkins, his *pro se* filing is improper.  Hybrid representation is not permitted. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016) (when an appellant is represented by counsel, "*pro se* motions have no legal effect and, therefore, are legal nullities."). Thus, we may not consider the merits of Appellant's *pro se* application for relief.

Id.  In short, Petitioner's referenced pro se motion cannot avoid procedural default.  Shinn v.

Ramirez, 596 U.S. 366, 378 (2022) ("[T]o allow a state prisoner simply to ignore state procedure

on the way to federal court would defeat the evident goal of the exhaustion rule.").

Second, to the extent that Petitioner suggests that his ineffective-assistance-of-trial-

counsel claims should be excused from procedural default pursuant to Martinez v. Ryan, 566

U.S. 1 (2012), the instant case's procedural history forecloses that argument.  "[A]n ineffective-

assistance-of-counsel claim asserted as cause for the procedural default of another claim can

itself be procedurally defaulted" when not exhausted in state court.  Edwards v. Carpenter, 529

U.S. 446, 453 (2000).  Petitioner's claim that his initial PCRA counsel was ineffective was never

presented to any Pennsylvania state court, despite Pennsylvania law allowing Petitioner, who was

represented by new counsel, to argue that claim as part of the standard appellate review process

of the PCRA petition's denial.  See Commonwealth v. Bradley, 261 A.3d 381, 401 (Pa. 2021)

("[W]e hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining

new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first

opportunity to do so, even if on appeal.").  Rather than challenge initial PCRA counsel's

performance in Superior Court, claims challenging initial PCRA counsel's performance were

completely "withdrawn" by PCRA appellate counsel, who included the following statement in

Petitioner's brief to the Superior Court:

2

> [C]laims that Attorney Galacek[1] raised that counsel Karissa N. Murphy, Esquire[2] provided ineffective assistance by failing to investigate, marshal evidence for[] and present evidence for the issues now raised is [sic] withdrawn at this time as there was no hearing on such matter and the claims were not properly raised.  Further, upon review of the record, there does not appear to be a basis for such claims.

Doc. 28 at 8.  Petitioner's claim that initial PCRA counsel was ineffective was, therefore, not exhausted, procedurally defaulted and cannot excuse his failure to raise aspects of trial counsel's now-alleged ineffectiveness during the initial PCRA stage of post-conviction litigation.  See Edwards, 519 U.S. at 453 ("The purposes of the exhaustion requirement . . . would be utterly defeated if the prisoner were able to obtain federal habeas review simply by 'letting the time run' so that state remedies were no longer available." (punctuation omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999))); see also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State . . . ."); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Procedural default due to not placing initial PCRA counsel's purported ineffectiveness before the Superior Court cannot be excused by Petitioner blaming his appellate PCRA counsel for not raising that issue.  Martinez, 566 U.S. at 16 ("The rule of Coleman governs in all but the limited circumstances recognized here.  The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ."); accord Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("We

---

1       Prior PCRA appellate counsel.
2       Initial PCRA counsel.

3

reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. . . .  [T]here is no right to counsel in state collateral proceedings.").

Accordingly, after a de novo review of the pleadings and documents in this case, together with the R&R and the Objections thereto, it is **ORDERED** that James Thomas Smith's Petition is **DISMISSED**, a certificate of appealability is **DENIED** and the R&R is **ADOPTED** as the Opinion of the District Court, as supplemented herein.


IT IS SO ORDERED.


March 31, 2026                                  s/Cathy Bissoon
                                               Cathy Bissoon
                                               Chief United States District Judge



cc (via First-Class U.S. Mail):

    James Thomas Smith
    NJ 0237
    SCI Fayette
    50 Overlook Drive
    LaBelle, PA 15450

cc (via ECF email notification):

    All Counsel of Record